In re JAY BEE ENTERPRISES, INC.
a/k/a Bass Master Boats, Debtor.

Bankruptcy No. 92–51846.

United States Bankruptcy Court,
E.D. Kentucky.

March 7, 1997.

W. Thomas Bunch, Lexington, KY, for Debtor.

Elizabeth H. Brittain, Lexington, KY, for U.S. Trustee.

## MEMORANDUM OPINION

JOE LEE, Chief Judge.

This case is before the court on the objection of the United States Trustee to the "Final Report" of the debtor in possession. The debtor in possession filed its final report on October 10, 1996.

The report was filed in response to an order of the court setting a status conference to determine why a final report had not been filed and why the case should not be closed.

The U.S. Trustee objects to the report on the ground the report is "erroneous and premature" in that the debtor has not paid U.S. Trustee fees that have accrued on and after January 27, 1996, as imposed by 28 U.S.C. § 1930(a)(6), as amended.

The debtor, a manufacturer of small recreational boats, filed a petition for relief under chapter 11 of the Bankruptcy Code on October 7, 1992. The debtor filed its disclosure statement and plan on October 1, 1993. The disclosure statement was approved by the court on November 15, 1993. The plan was accepted by creditors and was confirmed by the court on February 18, 1994.

The record indicates that under the confirmed plan the debtor was to pay all of its net monthly earnings in excess of $2,500 toward satisfaction of the claim of Melvin C. and Rebecca Redecker, assignees of the Bank of Danville, the only creditors holding a secured claim. Although the bank's claim was for approximately $433,000, by agreement, the assignment limited the claim of the Redeckers to $250,000, plus interest. The bank agreed to waive the balance of its claim against the debtor and the officers and equity security holders of the debtor who had guaranteed the indebtedness.

Under the plan the debtor was to pay in full local, state, and federal tax claims aggregating $57,167.11.

Under the plan the debtor is to pay in full creditors holding unsecured claims in the aggregate amount of $35,433.88.

Finally, the debtor was to pay administrative expenses, primarily attorney fees and expenses, initially estimated to be $30,000, but which were finally fixed at $19,217.56, less a retainer of $10,000, leaving $9,217.56 to be paid under the plan.

Payments to unsecured creditors were not to commence until the foregoing administrative expense was paid in full.

The duration of the plan was stated to be five years or until all administrative claims, tax claims, and unsecured claims are paid in full.

The final report of the debtor in possession indicates that as of October 10, 1996, approximately two and one-half years into the plan, the debtor has paid $54,376.05 to the Redeckers on their secured claim, $14,469.79 on the tax claims aggregating $57,167.11, and $7,000 of the $9,217.56 attorney fee. Thus far there has been no distribution to creditors holding unsecured claims aggregating $35,433.88. The debtor may be faltering in carrying out the plan, but that issue is not before the court.

## CONCLUSIONS OF LAW:

Title 11 U.S.C. § 1106(a)(1) incorporates by reference title 11 U.S.C. § 704(9), which requires a trustee to make a final report and file a final account of the administration of the estate with the court and with the United States Trustee.

■ Rule 3022 of the Federal Rules of Bankruptcy Procedure provides that after an estate has been fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. Title 11 U.S.C. § 350(a) instructs that after an estate is fully administered and the court has discharged the trustee, the court shall close the case. Ordinarily, the status of the debtor in possession as a trustee is terminated upon the confirmation of the debtor's chapter 11 plan. At that point in time, unless the plan or order confirming the plan provide otherwise, the confirmation of the plan vests all property of the estate in the debtor. 11 U.S.C. § 1141(b). Also, except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors. 11 U.S.C. § 1141(c).

■ An Advisory Committee Note (1991) to Rule 3022 indicates:

Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code. For example, on motion of a party in interest, the court may reopen the case to revoke an order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event.

Rule 2013 of the Federal Rules of Bankruptcy Procedure requires the Clerk of the Bankruptcy Court to maintain a public record listing fees awarded by the court to examiners, trustees and attorneys, accountants, appraisers, auctioneers and other professionals employed by trustees. "Trustees," as used in the rule, does not include debtors in possession.

■ When a chapter 11 case is closed compensation awarded in the case to a trustee, if the debtor in possession was displaced by a trustee, and compensation awarded by the court to the attorney for the trustee (debtor in possession) and other professional fees and expenses, including the fee of the attorney for the debtor, are reported to the Administrative Office of the United States Courts on Form B100BX (Rev. 8/91). This form does not require the clerk of the court to report fees other than those awarded by the court. The fees payable to the United States Trustee pursuant to title 28 U.S.C. § 1930(a)(6) are statutory fees awarded by Congress and not by the court. The United States Trustee is not a professional person to whom compensation and expenses are awarded under title 11 U.S.C. § 330(a). Consequently, the clerk is not required to keep a record of fees paid by a debtor to the United States Trustee. Presumably, record of such fees is maintained by the United States Trustee.

In compliance with the Federal Rules of Bankruptcy Procedure and the statistical reporting requirements of the Administrative Office of the United States Courts, the so-called final report of the debtor in possession in a chapter 11 case generally lists only the fees and expenses awarded by the court to

 

professionals employed with the approval of the court. The report is utilized by the clerk in completing form B100BX.

 Rule 3022 allows the court flexibility. It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees here involved have been paid.

With the foregoing in mind it seems clear that the objection of the United States Trustee to the final report of the debtor in possession in this case is not well taken. The objection does not raise in an appropriate justiciable manner the question of whether the debtor owes additional United States Trustee fees pursuant to title 28 U.S.C. § 1930(a)(6), as amended. There is no provision of law that prevents closing a chapter 11 case before payment of the fees in question. In fact, nonpayment of the fees is grounds for dismissal of a case. 11 U.S.C. § 1112(b)(10).[1]

As the commentary to Rule 3022 suggests, a final decree closing this case as fully administered will not deprive the court of such jurisdiction as the court may have to determine the liability of the debtor for the fees which the U.S. Trustee seeks to collect, when the question of the debtor's liability for the fees is raised in an appropriate manner. The closing of the case will not preclude the United States Trustee from filing an adversary proceeding to obtain a declaratory judgment determining the liability of the debtor for additional quarterly fees.

The United States Trustee generally has taken the position that the liability for quarterly fees of a debtor operating under a confirmed plan ceases when the case is closed, although the statute imposing the fees does not so mandate. See opinion of this court in *In re Norman Dean Owens*, 207 B.R. 520 (Bankr.E.D. Ky.1996). Taking the United States Trustee system at its word on

this interpretation of the statute, it seems appropriate to close this case to stop the financial drain on the debtor and to reserve for later determination, when appropriately presented, the question of the debtor's liability for additional fees for the interim period between January 26, 1996 and the date this case is closed.

---

1. Conceivably, after the order confirming a chapter 11 plan has become final, the case could be dismissed on motion of the debtor. Title 11 U.S.C. § 349 allows for flexibility in crafting the order of dismissal. The order could provide that all orders previously entered by the court including the order confirming the plan, shall remain in full force and effect and the rights of the debtor and creditors under the plan shall remain unaffected by the order of dismissal. This may be the wave of the future in terminating chapter 11 cases unless Congress rethinks the wisdom of imposing post-confirmation user fees on reorganized chapter 11 debtors.