**In re Tom LIVADITIS, a/k/a Athanasios Livaditis, Tom D'Or, Tom Livaditis D'Or, Debtor.**

**Mariluz ROSARIO, et al., Plaintiffs,**

v.

**Tom LIVADITIS, Defendant.**

**Bankruptcy No. 90 B 8724.
Adv. No. 90 A 996.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 29, 1993.

Alan A. Alop, Richard Wheelock, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiffs.

Mark E. Leipold, Oppenheimer Wolff & Donnelly, Chicago, IL, for class plaintiffs.

Raymond Prusak, Prusak & Nudo, Chicago, IL, former defense counsel.

## MEMORANDUM OPINION ON ORDER OF DISTRICT COURT FOR THE APPOINTMENT OF A SPECIAL MASTER

JACK B. SCHMETTERER, Bankruptcy Judge.

Mariluz Rosario and others initiated a class action lawsuit (case no. 87 C 1224)

against Debtor Tom Livaditis and two schools, D'Or Beauty College, Inc. and D'Or School of Cosmetology (collectively, the "Schools") in United States District Court for the Northern District of Illinois. The class plaintiffs alleged breach of contract and violations of the Illinois Consumer Fraud Act, Ill.Rev.Stat. ch. 121½, ¶ 262 (now cited as 815 ILCS 505/2) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (c).

The jury found in favor of Debtor on all counts except the consumer fraud claim. Issues factually related to the consumer fraud claim are before this Court.[1] The jury found the Schools liable on the RICO claims, but awarded zero damages against them. The class plaintiffs appealed the jury's verdict on the RICO claims, and the Seventh Circuit reversed this award of no damages stating that, "[i]n order to find the appellant beauty schools liable on the RICO counts, the jury must have found that the class sustained some injury to business or property." *Rosario v. Livaditis,* 963 F.2d 1013, 1015 (7th Cir.1992). Accordingly, the case was remanded to the District Court for "a hearing on damages as to the RICO counts on which the beauty schools were found liable." *Id.*

On remand, on motion of one of the parties, and because there was some factual relation to other matters pending here, the District Court entered this order:

> Pursuant to Federal Rule of Civil Procedure 53(a) and 28 U.S.C. § 636(b)(2), Bankruptcy Judge Jack B. Schmetterer is appointed Master to conduct all proceedings connected with the new trial on damages on Counts I and II of the fourth amended complaint [the RICO claims] in this action, and to issue a report and recommendations to this Court in connection therewith.

*Rosario v. Livaditis,* 87 C 1224, 1989 WL 153352 (N.D.Ill. Nov. 24, 1992). Upon receiving that order, the parties were asked to submit briefs on the question of a bank-

ruptcy judge's jurisdiction to serve as Master. Having considered the record in that case (No. 87 C 1224) and the submissions of counsel, the Court finds that it must decline to act under the order because it has no judicial authority to act as a Master in the hearing on damages as to Counts I and II in the District Court case (No. 87 C 1224).

■ A bankruptcy judge's subject matter jurisdiction is limited by 28 U.S.C. § 1334. *In re Pettibone Corp.,* 135 B.R. 847 (Bankr.N.D.Ill.1992), and authorities cited. Under § 1334, bankruptcy courts have jurisdiction over all proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Any hearing to determine RICO damages in Counts I and II of the District Court case would not arise under Title 11 U.S.C. Moreover, it would not arise in a case under Title 11 since those two counts pose a dispute between two non-debtor entities not involved in this bankruptcy. Therefore, a bankruptcy judge lacks "arising in" or "arising under" jurisdiction to preside over any hearing as to those issues.

■ "Related to" jurisdiction may exist over a dispute between two non-debtor entities, but only when the resolution of the dispute "affects the amount of property available for distribution or the allocation of property among the creditors." *Home Insurance Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 749 (7th Cir.1989). The resolution of the subject counts of the District Court case would merely settle a dispute between the class plaintiffs and the Schools; it cannot affect the amount of the Debtor's property or his bankruptcy estate in any way. Therefore, this Court also lacks "related to" jurisdiction to preside over the assigned hearing.

■ The class plaintiffs suggest that, notwithstanding lack of subject matter jurisdiction, a bankruptcy judge can still preside as special master pursuant to 28 U.S.C. § 636(b)(2) and Fed.R.Civ.P. 53(a). Section 636 is the provision in the United

---

1. Debtor's liability under that claim is now the subject of a class dischargeability complaint. *See In re Livaditis,* 122 B.R. 330 (Bankr.N.D.Ill.

1990) (discussing the class proof of claim), and *In re Livaditis,* 132 B.R. 897 (Bankr.N.D.Ill.1991) (discussing the dischargeability complaint).

States Code which confers jurisdiction upon federal magistrate judges. Section 636(b)(2) provides,

A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

By its terms, this section is limited to designation of magistrate judges and provides no basis for designation of bankruptcy judges.

Rule 53(a) provides that "[t]he court in which any action is pending may appoint a special master therein. As used in these rules the word 'master' includes a referee, an auditor, an examiner, and an assessor." The class plaintiffs incorrectly argue that the second sentence confers authority upon bankruptcy judges where no subject matter jurisdiction exists. This sentence merely means that any form of officer appointed by a court to decide an issue will be treated as a master under Rule 53. That rule is not a grant of jurisdiction. This becomes especially clear when Rule 53(a) is read in conjunction with Fed.R.Civ.P. 82 which provides that the Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Therefore, this Court must conclude that the cited statute and rule do not apply to bankruptcy judges; there is no authority under 28 U.S.C. § 636(b)(2) or Fed.R.Civ.P. 53(a) for a bankruptcy judge to preside over any hearing. Since jurisdiction is otherwise clearly lacking under 28 U.S.C. § 1334, which limits the authority of bankruptcy judges, it would be improper for a bankruptcy judge to attempt to exercise any judicial authority to carry out the order of the District Court.

The Court inquired of counsel in the Adversary case pending here to see if pleadings that might give jurisdiction over the District Court issues might be filed here. The answer was negative. This Court also offered to mediate the issues if all parties wished, but not all parties so wished.

Accordingly, by order entered separately this day, this Court respectfully declines to act as Master over the hearing on damages in Counts I and II of case No. 87 C 1224 before the District Court because it lacks judicial authority to do so.