Patricia **HOLCOMB;** William **Regan;** Barry **Soloway;** Harold **Ware** and Mary **Ware,** for themselves and on behalf of all others similarly situated, **Plaintiffs,**

v.

**NORWEST FINANCIAL, INC.;** Norwest Financial Illinois, Inc.; Norwest Financial Massachusetts, Inc.; **John Does 1– 10;** Equifax Credit Information Services, Inc.; Trans Union Corporation; and Norwest Bank Iowa, N.A.; Norwest Corporation, both of the latter doing business as Norwest Card Services, **Defendants.**

**No. 97 C 4153.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 15, 1998.

**240**

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Sheila A. O'Laughlin, Edelman & Combs, Chicago, IL, Edward K. O'Brien, O'Brien Law Firm, P.C., Nashua, NH, for Patricia Holcomb.

Sheila A. O'Laughlin, Edelman & Combs, Chicago, IL, for William Regan.

Michael D. Hayes, Craig Allen Varga, Anne Elizabeth Viner, Varga, Berger, Ledsky & Hayes, Chicago, IL, for Norwest Financial Illinois Inc., Norwest Financial, Inc., and Norwest Financial Massachusetts, Inc.

David Luther Hartsell, Kilpatrick Stockton L.L.P., Atlanta, GA, for Equifax Credit Information Services, Inc.

Monica L. Thompson, Suzanne Robinson, Rudnick & Wolfe, Chicago, IL, for Trans Union Corporation.

Gary Michael Elden, George Robert Dougherty, Heather Labadot Smedstad, Grippo & Elden, Chicago, IL, for Norwest Bank Iowa, N.A. and Norwest Corporation.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs, Patricia Holcomb, *et al.*, filed a ten count complaint against the defendants alleging bankruptcy claims and other federal and state claims. Norwest Financial Illinois, Inc., Norwest Financial Massachusetts, Inc., and Norwest Financial, Inc. (collectively "Norwest Defendants") move to refer all claims asserted against them to the bankruptcy court in this district pursuant to 28 U.S.C. § 157(a) and to Local Rule 2.33. The Norwest Defendants as well as Equifax Credit Information Services, Inc. ("Equifax") further move to sever, for misjoinder, the claims of plaintiff, Barry Soloway, pursuant to Federal Rule of Civil Procedure 21. For the reasons set forth below, the defendants' motions are denied in part and granted in part.

### Background

Counts I, II, III, and X allege willful violations of either Section 362 or Section 524 of the Bankruptcy Code. 11 U.S.C. §§ 362, 524. Counts IV and V are civil racketeering charges under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Counts VI and VII allege unfair and deceptive acts and practices in violation of the laws of Illinois and Massachusetts. Count VIII is a claim for restitution/unjust enrichment. Count IX alleges noncompliance with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n, 1681o. The Norwest Defendants are named in all counts except for IX and X. Mr. Soloway, and those similarly situated, are named plaintiffs only in Counts II, IX, and X. His claims are against Norwest Corporation and Norwest Bank Iowa, N.A. ("Norwest

Iowa") (Count II) and against Equifax and Trans Union Corporation ("Trans Union") (Counts IX and X).

The lawsuit against the Norwest Defendants alleges improprieties concerning bankruptcy reaffirmation agreements. In these agreements, the plaintiffs, other than Mr. Soloway, agreed to repay their debts to the Norwest Defendants, notwithstanding the fact that they had filed for bankruptcy. Mr. Soloway's claims against the remaining defendants are premised on post-bankruptcy credit reporting of a debt that was discharged in bankruptcy. He does not assert any claims against the Norwest Defendants or any claim involving reaffirmation agreements.

### Motion to Refer Claims to Bankruptcy Court

28 U.S.C. § 157(a) permits a district court to refer bankruptcy cases to bankruptcy judges. The Northern District of Illinois, pursuant to Section 157(a), enacted Local Rule 2.33(A) that provides that "any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District." Thus, if a case falls under the purview of Local Rule 2.33(A), it should be referred to the bankruptcy court.

██ The plaintiffs contend that the matter should not be referred to the bankruptcy court because the matter will only be withdrawn pursuant to 28 U.S.C. § 157(d). Section 157(d) states that "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." This withdrawal is not automatic. The Seventh Circuit held that when non-title 11 issues are presented, "mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when

the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency, Inc.,* 96 F.3d 949, 954 (7th Cir.1996).

The Norwest Defendants argue that the RICO claims are clear and that the bankruptcy court will only have to apply, rather than interpret, the RICO statute. The Seventh Circuit in *Fitzgerald v. Chrysler Corporation,* 116 F.3d 225, 228 (7th Cir.1997), has already found that there can be no RICO enterprise involving the parent, its subsidiary, and its employees. Neither party has had an opportunity to fully brief this issue. But if RICO liability cannot be found under the facts alleged in the complaint, then the defendants should have moved to dismiss the claims before seeking to refer this action to bankruptcy court.

██ Given that the RICO claims have not been dismissed and that the plaintiffs have demanded a jury trial,[1] I decline to refer this matter to the bankruptcy court at this time.

### Motion to Sever for Misjoinder

██ Federal Rule of Civil Procedure 20(a) provides that parties

> may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

For joinder to be proper, both requirements, same transaction/occurrence and common question of law or fact, must be established. *Magnavox Co. v. APF Elecs., Inc.,* 496 F.Supp. 29, 34 (N.D.Ill.1980). If a party is misjoined under Rule 20, it may be dropped by order of the court and "[a]ny claim against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21.

The plaintiffs argue that the requirements for joinder should be liberally construed. *See Hess v. Gray,* 85 F.R.D. 15, 22 (N.D.Ill.

---

1. A bankruptcy court may not conduct a jury trial without the express consent of all the parties. 28 U.S.C. § 157(e).

1979). Their basis for joinder of Mr. Soloway's claims is that Norwest Corporation is the parent holding company of all the Norwest entities, and that Norwest Corporation, and its subsidiaries engaged in some form of improper collection of discharged bankruptcy debts. But this argument does not address the specific requirements of Rule 20(a).

 Mr. Soloway's claims arise from different transactions and occurrences. Mr. Soloway alleges that Norwest Corporation, Norwest Iowa, Equifax, and Trans Union improperly posted pre-bankruptcy credit card debt on his post-bankruptcy credit report. Mr. Soloway does not bring any claims against the Norwest Financial Defendants because he did not borrow any money from them and thus, never had to sign any type of reaffirmation agreement. On the other hand, the other plaintiffs allege that they were forced to sign reaffirmation agreements during their bankruptcy proceedings to pay back loans that they received from the Norwest Defendants. Requiring reaffirmation agreements is different from credit reporting, even though they are both allegedly fraudulent acts. *See, e.g., Papagiannis v. Pontikis,* 108 F.R.D. 177 (N.D.Ill.1985) (severing claims of two plaintiffs who claimed to be victims of separate fraudulent schemes committed by the same defendant).

Because Mr. Soloway's claims arise out of different transactions and occurrences, they are factually dissimilar from that of the other plaintiffs. He asserts a fraud, involving post-bankruptcy credit reporting, committed by four defendants. The other plaintiffs allege fraud in obtaining reaffirmation agreements, committed during bankruptcy proceedings by different defendants. There is no common question of fact.

There is also no common question of law. Mr. Soloway's claims involve law on post-bankruptcy coercive conduct intended to collect discharged debt while the other plaintiffs' claims involve conduct during bankruptcy proceedings to collect on debt. Whether or not these two types of conduct are fraudulent are two separate legal questions. Additionally, Mr. Soloway asserts FCRA claims that are not alleged by any of the other plaintiffs.

Given the above factors, Mr. Soloway's claims will be severed from this case for misjoinder.

### Conclusion

For the foregoing reasons, defendants' motion to refer this case to bankruptcy court is denied and their motion to sever Mr. Soloway's claims for misjoinder is granted.