**In re JMP–NEWCOR INTERNATIONAL, INC., a Delaware corporation, Debtor.**

**Bankruptcy No. 95 B 27353.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 16, 1998.

Paul J. Gaynor, of Schwartz, Cooper, Greenberger & Krauss, Chartererd, Chicago, IL, for Movant.

Catherine Steege and David Seligman of Jenner & Block, Chicago, IL, for Respondent.

## MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

### INTRODUCTION

This matter is before this Court via a purported referral from the United States District Court for the Northern District of Illinois of the district court diversity case entitled *James C. Mills v. Patra Ceramics Public Company Limited,* 98 C 2868. The district judge referred the case to this Court for the issuance of a report and recommendation as to Plaintiff's ex parte motion for attachment and for the issuance of findings of fact and conclusions of law as to Plaintiff's district court complaint. The district court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).[1] A bankruptcy court, however, may only adjudicate matters within the scope of the bankruptcy jurisdiction vested in the district court by 28 U.S.C. § 1334 and referred to the bankruptcy court pursuant to 28 U.S.C. § 157. Unlike a magistrate judge, this Court cannot hear diversity cases. Hence, this Court can only adjudicate the referred matter if the complaint invokes federal bankruptcy jurisdiction. It does not. This Court therefore concludes that it lacks jurisdiction to issue a report and recommendation regarding Plaintiff's motion or findings of fact and conclusions of law regarding Plaintiff's complaint and declines to act pursuant to the district court's referral.

### BACKGROUND

Plaintiff James C. Mills ("Mills") filed his lawsuit in the United States District Court for the Northern District of Illinois invoking that court's diversity jurisdiction. On June

---

**1.** According to the complaint, Plaintiff is an Illinois resident and Defendant is a Thailand corporation with its principal place of business in Thailand; the amount in controversy exceeds the $75,000 jurisdictional minimum.

4, 1998, the district judge entered an order stating:

> This case is referred to Bankruptcy Judge Ronald Barliant pursuant to Title 18 United States Code, Section 157(e)(1) [sic: probably intended to be "Title 28 United States Code, Section 157(c)(1)"] for report and recommendation as to plaintiff's ex parte motion for attachment and for findings of fact and conclusions of law as to the complaint which is related to Judge Barliant's pending chapter 11 case No. 95 B 27353.

As stated in the district judge's order, and apparent from the caption of this Opinion, there is a currently pending before this Court a Chapter 11 case entitled *In re JMP–Newcor International, Inc,* 95 B 27353. An involuntary petition for Chapter 11 relief was filed against JMP–Newcor International, Inc. ("JMP") on December 21, 1995; on August 14, 1996, this Court entered an order confirming JMP's Chapter 11 plan of reorganization.

Although defendant Patra Ceramics Public Company Limited ("Patra") is a creditor of JMP, Mills is not, having assigned his claim to Patra. *See In re JMP–Newcor Int'l, Inc.,* 225 B.R. 462, 463–64 (Bankr.N.D.Ill.1998). Mills' district court cause of action stems from a contract between Mills and Patra wherein "Patra agreed, among other things, that to the extent Mills was required to make certain payments on account of a guarantee ..., Patra would make available to Mills the first $180,000 received from JMP as a distribution on account of [Patra's] Claim in JMP's bankruptcy case." (Mills' Mot., ¶ 6.) Mills' ex parte motion seeks to attach funds allegedly due from JMP to Patra, under JMP's Chapter 11 plan of reorganization, in addition to seeking to summons JMP as garnishee and requiring it to file answers to interrogatories with the clerk of the district court. Mills' complaint is for breach of contract, injunction

and attachment, all stemming from the contract between him and Patra.

## DISCUSSION

Title 28, § 1334 establishes and defines bankruptcy jurisdiction as follows:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11[ *i.e.,* the United States Bankruptcy Code].
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334. Congress provided, however, that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois provides for such referral in Local General Rule 2.33A.[2]

It is important to understand the jurisdictional structure created by Title 28, §§ 1334 and 157 and General Rule 2.33A. First, bankruptcy jurisdiction is defined to include cases under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. Second, that jurisdiction is vested in the district courts. Third, "each district court" is authorized to refer matters within the defined bankruptcy jurisdiction to the bankruptcy judges for that district. Fourth, by its general rule, the district court for this district has, in fact, referred all such cases and proceedings to the bankruptcy judges.

 Therefore, if the action filed in the district court were, indeed, related to the JMP Chapter 11 case (which is certainly a case under the Bankruptcy Code), it would *already* have been referred to the bankruptcy court.[3] Since I am the judge to whom the

---

2. Local General Rule 2.33A states that "[p]ursuant to 28 U.S.C. § 157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are

referred to the bankruptcy judges of this District." Loc. Gen. R. 2.33A.

3. If the lawsuit were properly before this Court because it is related to JMP's bankruptcy case,

JMP Chapter 11 case is assigned, the lawsuit would also be assigned to me by operation of the local rules of this bankruptcy court. In order to correct the problem created by the improper filing of the action in the district court, the district judge might direct the clerk to administratively transfer the matter to this Court.[4] Even if such an order used the word "refer" it would only implement the automatic referral under Rule 2.33. But nothing in the judicial code authorizes a district judge to refer to this Court a case over which the district court has only diversity jurisdiction.

 The jurisdiction of the judges of the bankruptcy court, therefore, is much different from the jurisdiction of the magistrate judges. A district judge may refer matters to a magistrate judge regardless of their jurisdictional basis, although the magistrate judge may be limited to issuing a report and recommendation to the district judge, rather than full adjudication of the matter, depending on the nature of the referred matter. *See* 28 U.S.C. § 636(b)(1).[5] In addition, the Magistrate's Act provides for referrals of particular issues within a case or before the district court. *See id.* Thus, a district judge may "designate" a magistrate judge to hear particular issues arising in diversity cases, federal question cases and bankruptcy cases.

But he may not designate a bankruptcy judge to hear such particular issues even in bankruptcy cases because Title 28, § 157 and General Order 2.33A operate to refer to bankruptcy judges all cases and proceedings arising under Title 11 or arising in or related to cases under Title 11; in contrast to the Magistrate's Act, they do not authorize referral of particular issues.

The question then is whether this matter is within the scope of the bankruptcy jurisdiction created by § 1334 and vested in this court by § 157 and General Rule 2.33A.

"The bankruptcy jurisdiction of the district courts (including therefore that of the bankruptcy courts, which exercise powers delegated to them by the district court, 28 U.S.C. § 157(a), (b)) extends to 'all civil proceedings arising under title 11 [of the U.S.Code], or arising in or related to cases under title 11.'" *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir.1994) (quoting 28 U.S.C. § 1334, alterations original). Although the district judge referred this matter to this Court presumably pursuant to Title 28, § 157(c)(1), it is Title 28, § 1334 that defines bankruptcy jurisdiction and "Section 157 does not enlarge the scope of [a] court's jurisdiction under Section 1334." *Spaulding & Co. v. Buchanan (In re Spaulding & Co.),* 131 B.R. 84, 89–90 (N.D.Ill.1990). As noted

however, none of the above-referenced statutory provisions provide for a district judge's referral to a particular bankruptcy judge for a limited purpose such as the issuance of report and recommendation. Title 28, § 157(c)(1) does distinguish between core and non-core bankruptcy matters and provide for the submission to the district court of proposed findings of fact and conclusions of law in non-core but otherwise related to matters, but does not authorize a referral of the type issued by the district judge in this matter. Rather, that section limits this Court's power with respect to matters that are within its jurisdiction but are non-core. This Court may hear, but not determine, those matters. *See* footnote 5 and surrounding text, below, for the difference between specific referrals by district judges to magistrate judges and automatic referrals to bankruptcy judges pursuant to Title 28, §§ 1334 and 157 and Local General Rule 2.33A.

**4.** Alternatively, the district judge might have withdrawn the action from this Court's jurisdiction under Title 28, § 157(d) "for cause shown." That, in essence, is what the judge did in *Holcomb v. Norwest Financial Illinois, Inc.,* 217 B.R.

239, 241 (N.D.Ill.1998). There, the action was filed in the district court, although it was related to a bankruptcy case. After considering factors relevant to whether she should withdraw the reference, the court "declined to refer this matter to the bankruptcy court at this time." *Id.* That amounted to a withdrawal of the matter from the bankruptcy court.

**5.** The Magistrate's Act provides that a district judge may either "designate a magistrate to hear and determine any pretrial matter pending before" that judge or "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to [the] judge of the court proposed findings of facts and recommendations," depending upon the particular matter pending before the district judge. 28 U.S.C. § 636(b)(1). Title 28, § 157, in contrast, pertains only to matters arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. The Magistrate's Act is not so limited. *See Rosario v. Livaditis (In re Livaditis),* 150 B.R. 224 (Bankr.N.D.Ill.1993) (holding that the district court cannot refer a matter to a bankruptcy judge under the Magistrate's Act).

above, the district court has diversity jurisdiction over the action and, therefore, bankruptcy jurisdiction was not invoked when the matter was before the district court. Title 28, § 157 does not authorize district courts to delegate diversity cases to bankruptcy courts. Whether this Court has jurisdiction to adjudicate the referred matter, therefore, depends upon Title 28, § 1334.

▮ It is clear that this matter neither "arises under title 11" nor "arises in ´ ... cases under title 11." *See* 28 U.S.C. § 1334(b). " '[A]rising under' jurisdiction includes only those proceedings that involve a cause of action 'created or determined by a statutory provision of title 11.' " *Spaulding,* 131 B.R. at 88 (quoting *Wood v. Wood (Matter of Wood),* 825 F.2d 90, 96 (5th Cir.1987) and citing *Diamond Mortgage Corp. v. Sugar,* 913 F.2d 1233, 1238–39 (7th Cir.1990) and *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir.1990)). *See also Artra Group, Inc. v. Salomon Bros. Holding Co., Inc. (In re Emerald Acquisition Corp.),* 170 B.R. 632, 640 (Bankr.N.D.Ill.1994) ("A proceeding 'arises under' title 11 if a party is claiming a right or remedy created by one of the specific provisions of title 11."). Mills' causes of action were not "created or determined by a statutory provision of title 11," but rather, by state law. Likewise, this matter does not "arise in" a case under title 11 because it does not "relate[ ] to those administrative matters that arise only in bankruptcy cases." *Id.See also Spaulding,* 131 B.R. at 88 ("This court's 'arising in' jurisdiction apparently encompasses 'those "administrative" matters that arise only in bankruptcy cases'—matters not based on any right expressly created by

title 11, but that would have no existence outside of bankruptcy." (quoting *Wood,* 825 F.2d at 97)). .

▮ The district judge's order appears to assume that this Court has "related to" jurisdiction over the lawsuit because the complaint and motion refer to a confirmed Chapter 11 plan of reorganization.[6] The Seventh Circuit, however, narrowly interprets "related to" jurisdiction. *Home Ins. Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 749 (7th Cir.1989).

> The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum. *In re Xonics,* 813 F.2d 127, 131 (7th Cir.1987). A secondary purpose is to force into bankruptcy court suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate. *Id.*

*Zerand–Bernal,* 23 F.3d at 161–62. The district court action only peripherally involves JMP in that Mills seeks to attach funds allegedly due Patra under the JMP's Chapter 11 plan of reorganization. JMP is not a party to the lawsuit and the lawsuit involves a contract to which JMP is not a party. In addition, resolution of the lawsuit will not "have a direct and substantial impact on the

---

6. While at first blush it may appear that the district judge's conclusion is the law of the case, this Court does not believe the district judge's order confers "related to" jurisdiction on this Court and, hence, does not believe it can adjudicate the referred matter. First, the bankruptcy jurisdictional issue has not been decided on appeal. *See Parts and Electric Motors, Inc.v. Sterling Electric, Inc.,* 866 F.2d 228, 231 (7th Cir. 1988) ("Ordinarily, matters decided on a prior appeal become the law of the case to be followed on a later appeal."). Second, this Court believes that it lacks subject matter jurisdiction and this lack of jurisdiction constitutes a "compelling reason" rendering the law of the case doctrine inapplicable, at least where the matter has not been explicitly considered and decided by a higher court. *See id.* "Subject-matter jurisdiction cannot be waived and may be contested by a party or raised sua sponte at any point in the proceedings." *Levin v. Attorney Registration and Disciplinary Comm'n,* 74 F.3d 763, 766 (7th Cir.1996). *See also In re Schmidt,* 205 B.R. 394, 395 (Bankr. N.D.Ill.1997) ("It is well established that bankruptcy judges have jurisdiction to determine the extent and validity of their own jurisdiction.... Subject matter jurisdiction cannot be waived and may be challenged by a party or raised sua sponte by the Court at any point in the proceedings."). The district judge may have assumed that this Court has related to jurisdiction, but he never explicitly considered the issue. His assumption, under these circumstances, should not be given law of the case effect.

asset pool available for distribution." *Diamond Mortgage*, 913 F.2d at 1239; *Home Ins.*, 889 F.2d at 749 ("A controversy is not 'related' to the bankruptcy within the meaning of § 157(c) unless its resolution 'affects the amount of property available for distribution or the allocation of property among creditors.'" (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987))). Resolution of the district court action will at most determine to whom JMP will make payments; it will have no other effect on JMP or the plan, and no effect at all on any creditor except Patra. It will therefore have no effect on the distribution of assets among creditors of the estate.

 · That the dispute has some connection to a Chapter 11 case is not enough to make it jurisdictionally related to that case. "Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate or the allocation of its assets among creditors." *Home Ins.*, 889 F.2d at 749. Even if Mills were successful and attached funds due Patra from the Debtor, that would have no effect on other creditors of the estate—it would neither reduce nor enlarge their entitlements, nor would it even change the amount payable on account of Patra's claim.

 Further, the district judge is fully capable of interpreting JMP's plan of reorganization if required to do so to resolve Mills' lawsuit. Once this Court confirmed JMP's plan of reorganization, a contract was created among JMP and its creditors. *See In re Potts*, 188 B.R. 575, 582 (Bankr. N.D.Ind.1995). A bankruptcy court is not unique in its abilities to interpret such a contract. *See Paul v. Monts*, 906 F.2d 1468, 1475 (10th Cir.1990) (holding that "remedies provided in the Bankruptcy Code for enforcing a Chapter 11 plan of reorganization" are not exclusive). *See also In re Page*, 118 B.R. 456, 460 (Bankr.N.D.Tex.1990) ("[C]reditors may engage in all lawful collection activities to enforce plan obligations."). Indeed, Mills does not even have standing in this Court to compel JMP to make a distribution to Patra under JMP's plan. *See In re JMP–Newcor Int'l, Inc.*, 225 B.R. at 463–64.

**CONCLUSION**

Having determined that the district court action neither arises under the Bankruptcy Code, nor arises in or is related to JMP's bankruptcy case, this Court finds that it lacks subject matter jurisdiction over the matters purportedly referred to it. It therefore lacks the judicial authority to issue a report and recommendation regarding Plaintiff's motion or findings of fact and conclusions of law regarding Plaintiff's adversary complaint. Accordingly, the Court is compelled to decline to act pursuant to the purported referral, and the clerk will be directed to return the papers delivered by the district court, together with a copy of this opinion.

**ORDER**

For the reasons set forth in the Memorandum Opinion of even date herewith, **IT IS HEREBY ORDERED** that this Court having determined that it lacks jurisdiction and must decline to act pursuant to the order of the district court entered in *James C. Mills v. Patra Ceramics Public Company Limited*, 98 C 2868 on June 4, 1998, purportedly referring that action to this Court, the clerk of the bankruptcy court is directed to return all papers regarding the district court action to the clerk of the district court.