**In re MOLD MAKERS, INC., Debtor.**

**Bankruptcy No. 88 B 31701.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

Dec. 27, 1990.

Gary C. Flanders, Rockford, Ill., for petitioner.

Sheree L. Gowee, Asst. U.S. Trustee, Madison, Wis., for respondent.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER,
Bankruptcy Judge.

This matter comes before the Court on the Debtor's Application for Final Decree. Attorney Gary C. Flanders represents the Debtor, Mold Makers, Inc. Attorney Sheree L. Gowee represents the United States Trustee (Trustee).

### BACKGROUND

On November 23, 1988, the Debtor filed a Voluntary Petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1988) (Code).

On August 21, 1989, the Debtor filed a Plan of Reorganization pursuant to Section 1121(a) of the Code and a Disclosure State-

ment pursuant to Section 1125(b) of the Code.

Three times thereafter, the Debtor filed an Amendment to Plan of Reorganization pursuant to Section 1127(a) of the Code.

On February 5, 1990, the Court entered an Order Confirming Plan pursuant to Section 1128(a) of the Code.

On October 9, 1990, the Debtor filed its Application along with a Rule 2015 Report, pursuant to Bankruptcy Rule 2015. Apparently, payments under the Plan have begun, though not all distributions are complete.

The Debtor argues that progress has been made in the consummation of its Plan and that the entry of a final decree closing the case is appropriate.

The Trustee argues that the entry of a final decree is not appropriate and that the case should be kept open to maintain the integrity of the system.

## DISCUSSION

Section 350(a) of the Code states:

After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

Similarly, Bankruptcy Rule 5009 states:

When an estate has been fully administered and the court has discharged the trustee, the case shall be closed.

Correspondingly, Bankruptcy Rule 3022 states:

After an estate is fully administered, including distribution of any deposit required by the plan, the court shall enter a final decree (1) discharging any trustee if not previously discharged and cancelling the trustee's bond; (2) making provision by way of injunction or otherwise as may be equitable; and (3) closing the case.

Beginning August 1, 1991, this rule will read:

After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

Bankr.R. 3022 (Proposed Amendment 1989).

Fundamentally, the confirmation of a plan of reorganization is the cornerstone of a Chapter 11 case under the Code. A Chapter 11 plan dictates the resolution of the debtor's estate. *See* 11 U.S.C. § 1123. Judge Ginsberg explains:

The heart of a Chapter 11 case is the proposal, approval, and confirmation of a plan. The plan can be one of reorganization or one of orderly liquidation. The central theme of the Chapter 11 plan process is to strike a bargain for the debtor's financial rehabilitation among consenting adults after full and fair disclosure, and then to have the court approve that bargain to make it binding on all of the interests competing for the values the debtor has available....

2 R. Ginsburg, *Bankruptcy: Text, Statutes, Rules* § 13.09(a), at 1200 (2d ed. 1989) (footnote omitted). Accordingly, a Court may be inclined to close a Chapter 11 case upon confirmation of a plan.

The Code, however, precludes closing a Chapter 11 case until the debtor's estate is "fully administered" and the trustee is discharged. 11 U.S.C. § 350(a). The discharge of a trustee is straightforward. *See* 11 U.S.C. § 1105; Bankr.R. 3022(1). The date on which an estate is fully administered is indeterminate.

Theoretically, one may first ask whether there is an "estate" after the confirmation of a Chapter 11 plan. *See* 2 R. Ginsberg, *supra*, at § 13.14(e), at 1277; *see also In re H. White Constr. Co., Inc.*, 92 B.R. 656, 659 (Bankr.W.D.La.1988) (cases hold estate terminates upon confirmation); *In re Westholt Mfg., Inc.*, 20 B.R. 368, 372 (Bankr.D.Kan.1982) (footnote omitted) ("At confirmation, all the property of the estate is vested in the debtor, thereby terminating the estate's existence, although the court has continued jurisdiction under Section 1142 to oversee the plan's execution."). Such begs an inquiry regarding the "continuing" jurisdiction of a court. *See, e.g., In re Greenley Energy Holdings of Pa.*, 110 B.R. 173, 180 (Bankr.E.D.Pa.1990) ("[C]ourts have attempted to balance the

need to retain jurisdiction post-confirmation with the need to end the reorganization process at some point.").

Arguably, at least, a court retains jurisdiction over an estate/case to insure it is "fully administered." 11 U.S.C. § 350(a); *see, e.g.*, 11 U.S.C. §§ 1141 (Effect of Confirmation), 1142 (Implementation of Plan), 1143 (Distribution), and 1144 (Revocation of an Order of Confirmation). "Fully administered" is not defined in the Code. At one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves as noted above. At the other extreme, an estate could be fully administered when all that is called for under a plan occurs.

■ Bankruptcy Rule 2015(a)(7) with emphasis added, explains:

A trustee or debtor in possession shall ... after *consummation of a plan*, file an application for a final decree showing that the plan has been consummated, and the names and addresses, if known, of the holders of claims or interests which have not been surrendered or released in accordance with the provisions of the plan and the nature and amounts of claims or interests, and other facts as may be necessary to enable the court to pass on the provisions to be included in the final decree.

Although Section 1101(2) defines "substantial consummation," the Code fails to define "consummation" or "consummation of a plan." The "consummation" of a plan could be thought of as the completion of the plan. Black's Law Dictionary 318 (6th ed. 1990). The consummation or completion of a plan, however, does not necessarily refer to everything being done under a plan as is required by the plan. This reading is consistent with the language in Bankruptcy Rule 2015(a)(7) which calls for the indication of "claims or interests which have not been surrendered or released in accordance with the provisions of the plan." Therefore, Bankruptcy Rule 2015(a)(7) does not preclude the entry of a final decree and closing of the case before all that is called for under a plan occurs.

The Committee Note to the version of Bankruptcy Rule 3022 which will take effect on August 1, 1991, suggests:

Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code. For example, on motion of a party in interest, the court may reopen the case to revoke an order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event.

The Court finds the Committee Note to the new rule illuminative and essentially adopts its language. Noteworthy, however, is that all of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case.

Here, the Court notes that the Order Confirming Plan was entered and became final on February 5, 1990. The Debtor's Plan did not require deposits. The Plan did not propose to transfer any "property." As explained in the Debtor's Rule 2015 Report, Mr. Harold Tendall has retained his ownership interest in the Debtor as its sole shareholder, with dividends scheduled after all creditors have been paid in full under the plan, and the Debtor has assumed its lease. The Debtor has commenced, if not completed, all payments under the plan, except for the payment of rent owed to the Debtor's sole shareholder who will be paid after all other creditors have been paid in full. Since confirmation, the Debtor has lodged objections to various claims and Attorney Flanders has filed an application for fees; the Court has held hearings on these matters and has entered appropriate orders.

No trustee was appointed in this case, the Debtor's estate has been fully administered, and the plan has been consummated. It is time for the Debtor to get on with its business and leave the shadows of the Court. At this time, the Court need not deal with anything else in this case except for its closing and the entry of a final decree. Should the need arise, appropriate remedies exist for the reopening of the case. *See* 11 U.S.C. § 350(b); Bankr.R. 5010.

An Order and Final Decree consistent with this Memorandum Opinion is filed herewith.

### ORDER AND FINAL DECREE

Consistent with the Memorandum Opinion filed on December 27, 1990, it is the FINAL DECREE of the Court and it is ORDERED that the case of the Debtor, Mold Makers, Inc., No. 88 B 31701, is CLOSED.