**Wanda S. WESTRIDGE**

v.

**CHESTNUT STREET CONDOMINIUMS, INC.**

Civ. A. No. 93–3036.

United States District Court, E.D. Louisiana.

June 17, 1994.

Wanda Smith Westridge, pro se.

Randy Opotowsky, New Orleans, LA, for Chestnut Street Condominiums, Inc.

McNAMARA, District Judge.

Before the court is the Appeal of Wanda S. Westridge ("Westridge") from a final Order of the United States Bankruptcy Court granting Debtor, Chestnut Street Condominiums, Inc. ("Chestnut"), a Final Decree which terminated the Chapter 11 proceedings and closed the estate of Chestnut on July 22, 1993. Also, Westridge has filed a Motion for Sanctions and Chestnut has filed a Motion to Strike Maurice Westridge's Brief in Support of Appeal to the Fifth Circuit Court of Appeal.[1] This matter is before the court on briefs, without oral argument.

### FACTS

Chestnut was a corporation which was formed to develop a real estate condominium project in the New Orleans area. Chestnut acquired the property and obtained the construction financing to renovate and market the condominium property known as Beaucaire Condominium. Initially, Maurice Westridge served as the general contractor for this project. Early on, Chestnut became dissatisfied with Westridge's performance and terminated him from the Chestnut project. Shortly thereafter, legal disputes arose between Westridge and Chestnut causing a cloud on the title to the property and making title to the individual units unmerchantable.

On August 7, 1980, Chestnut filed for Chapter 11 Bankruptcy protection in an attempt to sell the units and deliver clear and merchantable title. Within three months of filing for bankruptcy, Chestnut and Westridge reached a settlement agreement which was approved by the Bankruptcy Court and made part of the Plan of Reorganization. After the Westridges first questioned the validity of their compromise with Chestnut, the Bankruptcy Court held a two day trial and upheld the agreement. Westridge then appealed the lower court's enforcement of the compromise first to this court, then to the Fifth Circuit Court of Appeal, and subsequently sought cert from the United States Supreme Court. Westridge was unsuccessful in all of these appeals.

Chestnut proceeded to complete and sell the units. In accordance with the Plan of Reorganization, Chestnut paid all of its creditors 100% of all amounts due. Furthermore, Chestnut paid Westridge all amounts due them in accordance with the October of 1980 compromise agreement and the Plan. The last of these payments occurred in 1988. As no further action was taken in the bankruptcy proceeding, the Bankruptcy Court informed Chestnut that it had to file a Motion for Final Decree pursuant to Rule 3022 of the Bankruptcy Code.

Chestnut filed its Motion for Final Decree in May of 1993, and the court scheduled a hearing on that motion for July 20, 1993. True to form, Westridge responded to Chestnut's Motion for Final Decree by filing numerous objections and motions[2] which were opposed by Chestnut. After hearing from both sides, the Bankruptcy Court denied all of Westridge's motions and granted Chest-

---

1. The record reveals that the only Appellant in this matter is Wanda Westridge. Her husband, Maurice Westridge, while a party in the Bankruptcy proceedings below, simply did not file a timely Notice of Appeal or brief in support thereof. On March 26, 1994, this court denied Wanda and Maurice Westridge's Motion for Jury Trial as the applicable law does not provide for such.

Maurice Westridge attempted to appeal this court's March 26, 1994 order to the Fifth Circuit Court of Appeals on April 8, 1994, and in support thereof, he filed in this court a Brief in Support of Appeal. It is that brief that Chestnut seeks to have stricken. However, on May 25, 1994, the

Fifth Circuit dismissed that appeal. Accordingly, this court finds that Chestnut's Motion to Strike Maurice Westridge's Brief in Support of Appeal is hereby moot.

2. Specifically, Westridge filed a (1) Motion for a Jury Trial; (2) Motion to Recuse; (3) Objection to Debtor's Motion for Final Decree; (4) Motion Requesting Production of All Checks of Final Payment; (5) Motion Why Debtor Did Not Include Wanda Westridge as Creditor; (6) Motion for Continuance; (7) Petition to Strike Contracts; (8) Motion to Put Prenuptial Agreement to Record; and (9) Objection to Release of Debtor.

nut's Motion for Final Decree. Based on these rulings, Westridge filed this appeal.

### STANDARD OF REVIEW

■ Factual determinations of the Bankruptcy court are subject to the clearly erroneous standard of review. *See* Bankruptcy Rule 8013. The Bankruptcy Court's conclusions of law, however, are subject to a *de novo* standard of review. *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948).

### ANALYSIS

Despite careful and repeated review of Appellant's briefs, this court has been unable to make any sense of Appellant's assignments of error, with the exception of one. Appellant virtually never writes in complete sentences, and her organization or lack thereof, and citations to documents and events outside the record make most of her brief meaningless. Nevertheless, the court will address the sole assignment of error that it could make sense of—that is whether the Bankruptcy Court erred in upholding the October of 1980 settlement agreement between Chestnut and the Westridges.

■ Appellant argues that the 1980 settlement agreement between Chestnut and the Westridges should not be enforced because Maurice Westridge, as a result of taking percodan after his 1979 cardiac surgery, was not of sound mind and body at the time he signed the agreement. The only evidence offered by Appellant on this theory is a medical report from Dr. Aris W. Cox which is not part of the record and which is classic hearsay. According to the Rules of Evidence and standard appellate procedure, this court will not consider the medical report offered by Appellant.

■ Moreover, this court notes two additional reasons why this assignment of error is without merit. First, prior to the hearing on Chestnut's Motion for Final Decree, the Bankruptcy Court had already determined that there was no merit in Maurice Westridge's contention that he lacked capacity to enter into a compromise with Chestnut. *See* Transcript of Hearing on Debtor's Motion for Final Decree at p. 6. This court deems a determination of one's capacity to contract to be a finding of fact which can only be reversed if clearly erroneous. As the record before the court does not demonstrate that the Bankruptcy Court clearly erred in this respect, this assignment of error must fail.

■ Additionally, even if the 1980 release had been voidable due to Maurice Westridge's incapacity, this assignment of error would still fail because of the doctrine of ratification. The Fifth Circuit has recently held that:

[a] party cannot be permitted to retain the benefits received under a contract and at the same time escape the obligations imposed by the contract. If a releasor, therefore, retains the consideration after learning that the release is voidable, her continued retention of the benefits constitutes a ratification of the release. (citations omitted).

*Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217, 220 (5th Cir.1991). Neither Maurice nor Wanda Westridge has ever offered to return the monies that they received pursuant to the compromise despite their long held belief that such contract was voidable due to his lack of capacity. Accordingly, this assignment of error must fail.

■ Rule 3022 of the Bankruptcy Rules states that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The Plan of Reorganization, as amended, was confirmed by the Bankruptcy Court on September 11, 1981. *See* Docket Pleading Numbers 75–A and 76. The record discloses that the Plan was carried out and all creditors under the Plan were paid 100% of amounts due them, including Westridge. Therefore, the Bankruptcy Court did not err in granting Debtor's Motion for Final Decree.

During the course of this appeal, Appellant filed a Motion for Sanctions against Randy Opotowsky, attorney for Chestnut. In support of that motion, Appellant attached a letter from Mr. Opotowsky to her dated September 30, 1993, which stated in part that

"[o]nce I file the appellee brief, I will forward same on to you." Appellant seeks sanctions because, as of November 20, 1993, she had not received a copy of Mr. Opotowsky's brief. However, Chestnut's brief was not filed until January 18, 1994, some two months after Appellant filed her Motion for Sanctions, and there has been no allegation that Mr. Opotowsky failed to timely send Appellant a copy of his brief. Therefore, Appellant has not demonstrated any sanctionable conduct on the part of Mr. Opotowsky. Accordingly,

IT IS ORDERED that the Bankruptcy Court's Judgment of Final Decree be and is hereby AFFIRMED.

IT IS FURTHER ORDERED that Appellant's Motion for Sanctions be and is hereby DENIED.