**In re JMP–NEWCOR INTERNATIONAL, INC., Delaware corporation, Debtor.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 16, 1998.

Paul J. Gaynor, Malcolm M. Gaynor, Schwartz, Cooper, Greenberger & Krauss, Chartererd, Chicago, IL, for Debtor.

Catherine Steege and David Seligman, Jenner & Block, Chicago, IL, for James C. Mills.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

## INTRODUCTION

The Debtor, JMP–Newcor International, Inc., moves this Court for entry of a final decree closing this bankruptcy case. James C. Mills ("Mills"), a defendant in a pending adversary matter and former creditor of the Debtor, objects to entry of a Final Decree. As Mills is neither a creditor nor a party in

interest with respect to the issue of closing this bankruptcy case, he lacks standing to object to the Debtor's motion. In addition, because this Court has determined that this case has been fully administered, it grants the Debtor's motion and enters a final decree closing this bankruptcy case.

## BACKGROUND

On December 12, 1995, an involuntary petition for Chapter 11 relief was filed against the Debtor. On August 14, 1996, this Court entered an order confirming the Debtor's Chapter 11 plan of reorganization. The Debtor alleges that since the entry of the confirmation order, it has taken all actions required by the plan and entry of a final decree closing the case is warranted. There is currently pending an adversary matter against Mills, however, and the Debtor requests that the Court retain jurisdiction over the adversary proceeding. Other than Mills, no other party has objected to the entry of a final decree.

Mills objects to the entry of a final decree while the adversary matter is still pending and because Patra Ceramics Public Company, Limited ("Patra"), assignee of Mills' claims against the Debtor, has not received a distribution under the plan. Mills alleges that shortly after the entry of the confirmation order, he assigned his claims against the Debtor to Patra pursuant to an agreement whereby Patra would tender the first $180,-000 it received on these claims to Mills. Mills previously moved this Court to compel the Debtor to make a distribution to Patra but that motion was denied on the grounds that Mills lacked standing to pursue the motion. In addition, Mills filed a complaint against Patra in the United States District Court for the Northern District of Illinois seeking to attach any funds due Patra under the plan. The district judge presiding over Mills' complaint recently attempted to refer the district court lawsuit to this Court. As explained in a separate Memorandum Opinion of even date herewith, this Court has no jurisdiction over the district court matter.

## DISCUSSION

■ Bankruptcy Code § 1109(b) states that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The Bankruptcy Code does not define "party in interest" but does define "creditor" as an: "(A) entity that has a claim against the debtor or that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or (C) entity that has a community claim." 11 U.S.C. § 101(10). Whether a party is a "party interest" must be determined on a case by case basis. *Peachtree Lane Assocs., Ltd. v. Granader (In re Peachtree Lane Assocs.),* 188 B.R. 815, 824 (N.D.Ill.1995).

■ It is undisputed that Mills assigned his claims against the Debtor to Patra. Therefore, he is no longer a creditor in this bankruptcy and he does not have creditor standing to challenge the Debtor's motion. The fact that he may have some cause of action against Patra based upon Patra's alleged contractual duty to tender certain funds it receives from the Debtor to Mills does not render him a creditor in this case. Indeed, Mills is attempting to enforce his contractual rights in district court where he has a remedy for whatever injuries he has suffered. (As explained in a separate Memorandum Opinion, this Court has no jurisdiction over the district court action.)

■ Nor does Mills' status as a defendant in an adversary proceeding give him standing to object to the entry of a final decree. The closing of the case simply does not affect Mills. As the Seventh Circuit stated, "all th[at] section [1109(b) ] means is that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains...." *Matter of James Wilson Assocs.,* 965 F.2d 160, 169 (7th Cir.1992). Mills has no "legally protected interest that could be affected" by the entry of a final decree and closing of this case. "[T]o qualify as a party in interest requires more than merely being

interested in the outcome of the bankruptcy. It requires a direct legal interest in the case." *In re Rimsat, Ltd.,* 193 B.R. 499, 502 (Bankr.N.D.Ind.1996). *See also FBN Food Services, Inc.,* 1995 WL 230958 (N.D.Ill.1995) (non-creditor adversary defendant was not a "party in interest"); *In re Int'l Oriental Rug Center, Inc.,* 165 B.R. 436, 440 (Bankr. N.D.Ill.1994) ("there is no party-in-interest standing where a party has no direct interest in the bankruptcy estate").

■ Having determined that Mills has no standing to object to the Debtor's motion, the Court must now determine whether the entry of a final decree in this bankruptcy case is appropriate. Bankruptcy Code § 350(a) states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 addresses final decrees in Chapter 11 proceedings with similar language. The term "fully administered" is not defined in the Bankruptcy Code and "[a]t one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves.... At the other extreme, an estate could be fully administered when all that is called for under a plan occurs." *In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr.N.D.Ill.1990).[1] Taking into consideration the 1991 Advisory Committee Note to Bankruptcy Rule 3022, cited in both *Matter of Wade,* 991 F.2d at 406 n. 2, and *In re Mold Makers,* 124 B.R. at 768, the Court is convinced that this case has been fully administered and should be closed.[2]

■ The Debtor's plan has been confirmed and it is undisputed by anyone with standing to be heard on this matter that the Debtor has taken all actions required by the plan. The only matters remaining are certain disbursements to be made under the plan and an adversary proceeding. The Court does not believe these matters warrant keeping this case open. No creditor due to receive a distribution under the plan has objected to closing the case. As recognized by the Seventh Circuit, "[o]nce the bankruptcy court confirms a plan of reorganization, the debtor may go about its business without further supervision or approval." *Pettibone Corp. v. Easley,* 935 F.2d 120, 122 (7th Cir. 1991). In addition, a "court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Bankr.R. 3022 advisory committee's note (1991). Further, the Debtor's motion requests that the court retain jurisdiction over the pending adversary matter. This appears to be a reasonable compromise between the policy against delaying the closing of cases and the need for the Court to adjudicate pending matters ancillary to the administration of the bankruptcy estate. Hence, the Court will grant the Debtor's motion.

## CONCLUSION

The Court holds that James C. Mills' lacks standing to challenge the entry of a Final Decree in this bankruptcy case. The Court further holds that the bankruptcy estate has been fully administered and will enter a final decree that will close this bankruptcy case, but preserve the Court's jurisdiction over the pending adversary proceeding.

---

1. The Seventh Circuit discussed the term "fully administered" in a Chapter 11 context in *Matter of Wade,* 991 F.2d 402, 406 n. 2 (7th Cir.1993), without reaching a conclusion as to how the term should be defined.

2. The Advisory Committee Note states:

Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Bankr.R. 3022 advisory committee's note (1991).