In re: FEDERATED DEPARTMENT STORES, INC., et al., Debtors,

Christopher Spierer; Marion Spierer, Appellants,

v.

Federated Department Stores, Inc.; Allied Stores Corporation; Bloomingdale's Department Stores, Inc., Appellees.

No. 01–4242.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

Christopher and Marion Spierer (the "Spierers") appeal a district court judgment that dismissed an appeal from the bankruptcy court's June 25, 2001, order granting final decrees in the debtors' (Federated Department Stores, Inc., Allied Stores Corporation and certain of their subsidiaries) Chapter 11 cases. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

On January 15, 1990, the debtors each commenced a voluntary case under Chapter 11 of the Bankruptcy Code. Pursuant to orders of the bankruptcy court, the Chapter 11 cases were consolidated for procedural purposes only and were jointly administered. On October 28, 1991, the reorganized debtors filed with the bankruptcy court their Third Amended Joint Plan of Reorganization under Chapter 11 ("Plan"). On January 10, 1992, the bankruptcy court entered its Findings of Facts, Conclusions of Law and Order Confirming the Plan. The effective date of the Plan was February 4, 1992. The Plan provided for the creation of Federated, Allied, Bloomingdale's and other debtors as reorganized debtors from and after the effective date.

In 1990, the Spierers filed a proof of claim in the Chapter 11 cases based on allegations that they were injured by expo-

sure to perfume in a Bloomingdale's store prior to the filing of the Chapter 11 cases. The debtors filed with the bankruptcy court their motion for Withdrawal of Excess Funding From Disputed Claims Reserve (the "Withdrawal Motion"). On February 16, 2001, the Spierers filed their opposition to the Withdrawal Motion and a Cross Motion to Lift Automatic Stay ("Automatic Stay Motion"). On May 18, 2001, the bankruptcy court granted the Withdrawal Motion but denied the Automatic Stay Motion. On May 29, 2001, the Spierers filed a notice of appeal from the bankruptcy court's May 18, 2001, order. The district court dismissed the appeal on October 31, 2001. On November 19, 2001, the Spierers filed a notice of appeal, in this court, from the district court's October 31, 2001 judgment. That appeal is currently pending in appeal No. 01–4241.

On May 8, 2001, the debtors filed a Motion and Notice for a Final Decree (the "Final Decree Motion") requesting the bankruptcy court to enter final decrees in three of the four remaining Chapter 11 cases. On May 18, 2001, the Spierers filed an objection to the Final Decree Motion asserting that final decrees should not be entered in the debtors' Chapter 11 cases because unresolved disputes existed between the debtors and the Spierers related to the Withdrawal Motion and the Spierer Automatic Stay Motion.

After the filing of the Final Decree Motion and prior to the hearing on the Final Decree Motion, the bankruptcy court entered the Spierer Withdrawal/Automatic Stay Order. On June 20, 2001, the bankruptcy court held a hearing on the Final Decree Motion. No one appeared at the hearing on behalf of the Spierers. On June 25, 2001, the bankruptcy court entered a Final Decree under 11 U.S.C. § 350(a) closing the Chapter 11 cases. Pursuant to the Final Decree, the bank-

ruptcy court retained jurisdiction over any issues related to the Spierer Withdrawal/Automatic Stay appeal. The Spierers filed a notice of appeal of the Final Decree on July 2, 2001. On October 31, 2001, the district court entered an order dismissing the Spierers' Final Decree appeal as moot because the Spierer Withdrawal/ Automatic Stay appeal had been dismissed. Judgment dismissing the appeal was entered that same day. It is from this judgment that the Spierers appeal.

When this court considers an appeal taken from the district court's final order in a bankruptcy case, the court independently reviews the bankruptcy court's decision. *See Koenig Sporting Goods, Inc. v. Morse Rd. Co. (In re Koenig Sporting Goods, Inc.)*, 203 F.3d 986, 988 (6th Cir.2000). In doing so, the court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. See Millers Cove Energy Co., Inc. v. Moore (In re Millers Cove Energy Co., Inc.)*, 62 F.3d 155, 157 (6th Cir.1995). " 'A finding [of fact] is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

The Spierers argue that the entry of the final decrees in the Chapter 11 cases was inappropriate. Specifically, they argue that the Chapter 11 cases are not fully administered because of the unresolved disputes that are subject to the Spierer Withdrawal/Automatic Stay appeal. Title 11 U.S.C. § 350(a) provides for the closing of a case after an estate has been "fully administered." *See* 11 U.S.C. § 350(a). Bankruptcy Rule 3022 addresses final de-

crees in Chapter 11 proceedings with similar language. The phrase "fully administered" is not defined by the Bankruptcy code or the Federal Rules of Bankruptcy Procedure. The Advisory Committee Note to the 1991 amendment to Bankruptcy Rule 3022 states:

> Entry of final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Bankr.R 3022 advisory committee's note (1991).

Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered. *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr.E.D.Ky. 1997). A court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered. *Id.* However, not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D.Ill.1990).

In order to allow the bankruptcy court as mush flexibility as possible to determine whether a case is fully administered, the Advisory Committee Note provides that

> Entry of a final decree closing a Chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. . . .

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case ... does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code.

Fed. R. Bankr.P. 3022 advisory committee note.

Upon review, we conclude that the record in this case supports the bankruptcy court's finding that the Chapter 11 cases were fully administered. The Chapter 11 cases have been open since 1990 and the Plan has been confirmed since 1992. It is undisputed that the debtors have taken all actions required by the plan. The only unresolved claims in these cases involve alleged personal injuries which claims will be resolved either through the court-approved alternative dispute resolution procedure or through litigation in state or federal court where the respective underlying action is pending. Accordingly, the bankruptcy court properly entered the final decrees in these Chapter 11 cases as there was no need for the cases to continue to be open.

Finally, the district court was within its authority to dismiss the Spierers' Final Decree appeal as moot upon entry of the October 31, 2001 judgment for the Spierer Withdrawal/Automatic Stay appeal.

Accordingly, the district court's judgment that dismissed an appeal from the bankruptcy court's June 25, 2001, order granting final decrees in the debtors' Chapter 11 cases is affirmed.