In re UNION HOME AND
INDUSTRIAL, INC.,
Debtor.

Union Home and Industrial,
Inc., Appellant.

BAP No. NM–06–074.
Bankruptcy No. 11–04–15755 SR.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Oct. 10, 2007.

---

914

Submitted on the briefs: * Jennie Deden Behles of the Behles Law Firm P.C., Albuquerque, NM, for Appellant.

Before MICHAEL, NUGENT, and BROWN, Bankruptcy Judges.

## OPINION

BROWN, Bankruptcy Judge.

Appellant Union Home and Industrial, Inc. appeals an order of the bankruptcy court denying its application for entry of a final decree in a Chapter 11 case. The bankruptcy court found the case had not been fully administered and refused to enter the final decree because final fee applications had not yet been submitted or determined. In the absence of any abuse of discretion, we AFFIRM.

## I. Appellate Jurisdiction

■ The Appellant has consented to the Court's jurisdiction by opting not to have the appeal heard by the United States District Court for the District of New Mexico. 28 U.S.C. § 158(c). With consent of the parties, the Court has jurisdiction to hear appeals from final judgments, orders, or decrees of the bankruptcy courts in this Circuit. 28 U.S.C. §§ 158(a)(1), (b)(1), and (c)(1). An order is final, and therefore immediately appealable under 28 U.S.C. § 158(a)(1), if it ends

* Appellant did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

the dispute on the merits and leaves the court with nothing to do but execute the judgment. *In re Hatcher,* 208 B.R. 959, 966 (10th Cir. BAP 1997), *aff'd,* 133 F.3d 932 (10th Cir.1998). Whether the denial of an application for a final decree is a final order for the purposes of appellate review is a matter of first impression. In this case, the Appellant's only options are to sit in perpetual limbo or comply with the bankruptcy court. If the Appellant does nothing, the trustee's fees will continue to accrue. If the Appellant complies, the final decree will eventually enter and the case will close, but this dispute will become moot, effectively denying the Appellant review of the bankruptcy court's order. Thus, the Court treats this order as final.

In the alternative, the Court concludes that the collateral order exception is applicable. A non-final order may be immediately reviewable under the collateral order exception if the order (1) conclusively determines a disputed question; (2) resolves an important issue separate from the merits of the action; and (3) if the appellant would suffer irreparable harm if immediate appeal is not granted. *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). The bankruptcy court conclusively denied the application. Resolution of this appeal will provide guidance in this case and beyond by further defining the term "fully administered." If leave to appeal is not granted, the Appellant will suffer the continued accrual of trustee's fees without any possibility of recompense. Therefore, the Court determines that it has jurisdiction to hear this appeal.

## II. Factual Background

The Appellant filed its voluntary petition under Chapter 11 on August 9, 2004. Prior to plan confirmation, the bankruptcy court granted the employment applications of the Behles Law Firm, P.C., as counsel to the debtor-in-possession, and Mr. Charles R. Jones, as accountant. Neither one has filed a fee application with the bankruptcy court, despite the fact that the Chapter 11 plan was confirmed on August 8, 2005 ("Plan"), and, according to the Appellant, all professional work has been completed in this case. The plan specifically provided for the court's retention of jurisdiction to rule on fee applications.

On March 31, 2006, the Debtor filed its Motion for Final Decree. The Motion stated that: (1) the Plan of Reorganization had been confirmed; (2) substantial consummation had occurred because Note distribution was accomplished as of March 30, 2006, and distributions to all creditors had commenced; (3) all claims or interests required to be surrendered or released under the Plan had been surrendered or released; and (4) that the estate had been fully administered. The application specifically sought to reserve post-closing jurisdiction to the court in order to decide fee applications. The Appellant seeks an entry of final decree primarily in order to stop the accrual of quarterly fees to the United States trustee under 28 U.S.C. § 1930(a)(6).

## III. Discussion

### A. Standard of Review

As a preliminary matter, we must determine the standard of review applicable to a bankruptcy court's order entering or denying a final decree. For purposes of standard of review, decisions by trial courts are traditionally divided into three categories, denominated: (1) questions of law, which are reviewable *de novo;* (2) questions of fact, which are reviewable for clear error; and, (3) matters of discretion, which are reviewable for abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490

(1988). In some instances, the matter will clearly fall into one of these three categories, making the standard of review easy to determine. In other situations, the question of which of these three standards applies is answered either by statutory command or by a history of appellate practice. *Id.* Here, however, the issuance of a final decree does not clearly fall into one of the three categories and neither the Bankruptcy Code, Bankruptcy Rules, nor appellate case law provide us with guidance.[1] In such situations, as noted by the Supreme Court in *Pierce,* "it is uncommonly difficult to derive from the pattern of appellate review of other questions an analytical framework that will yield the correct answer." *Pierce,* 487 U.S. at 558, 108 S.Ct. 2541.

■ Fortunately, the Supreme Court's decision in *Pierce* does provide us with certain factors to consider in determining the appropriate standard of review. These factors include: (1) the language and structure of the governing statute; (2) whether one judicial actor is better positioned than another to decide the issue in question; (3) the impracticability of formulating a rule of decision for the matter in issue; and (4) whether the consequences flowing from the trial court's decision favor a more intense level of review. *Id.* at 559–63, 108 S.Ct. 2541. Consideration of these factors in this case leads us to conclude that the bankruptcy court's decision on a final decree should be reviewed under an "abuse of discretion" standard.

First, the language and structure of the governing statute, read in conjunction with the relevant bankruptcy rule and advisory note, indicate the decision concerning entry of a final decree is primarily an administrative decision for the bankruptcy court to determine. Entry of a final decree is governed by 11 U.S.C. § 350(a), which provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Similarly, Federal Rule of Bankruptcy Procedure 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case."

The definition of "fully administered" is not provided anywhere in the Code or Rules. The few courts that have considered the issue have looked to the 1991 Advisory Committee Note for guidance. That Note provides the following list of factors:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the

---

1. The few appellate decisions we found which review an order entering or denying a final decree merely restate the possible standards of review without specifying which is applicable. *See, e.g., In re Federated Dep't Stores, Inc.,* 43 Fed.Appx. 820, 821 (6th Cir.2002); *Westridge v. Chestnut St. Condos., Inc.,* 169 B.R. 594, 596 (E.D.La.1994).

court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code. For example, on motion of a party in interest, the court may reopen the case to revoke an order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event.

Fed. R. Bankr.P. 3022 advisory committee's note (1991).

▮ Bankruptcy courts are charged with reviewing each request for entry of a final decree "on a case-by-case basis and analyz[ing] the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered." *In re Federated Dep't Stores, Inc.*, 43 Fed.Appx. 820, 822 (6th Cir.2002). The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr.N.D.Ill.1990). Instead, "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *In re Federated Dep't Stores*, 43 Fed.Appx. at 822.

▮ This statutory framework illustrates that determining when a case is "fully administered" is a decision for the bankruptcy court based on consideration of numerous case-specific, procedural, and practical factors. The bankruptcy court is uniquely positioned to make this determination given that it will have overseen the particular debtor's case from the beginning and will have first hand knowledge of what matters have been, or need to be, completed before closure of the case. Further, the bankruptcy court will be very familiar with the debtor's confirmed plan of reorganization, the requirements for consummation of that plan, as well as the status of any pending motions, contested matters, and adversary proceedings.

An appellate court, in contrast, is not particularly well situated to make the final decree determination. The full history of the case cannot be conveyed in the appellate record. As such, many of the factors relevant to determining if a case has been "fully administered" may be known only to the bankruptcy court, based on its experience and oversight of the case. The bankruptcy court will likely have insights and know of practical considerations not conveyed by the appellate record. *See Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541 (1988) (noting that the trial court was better suited to make the determination at issue because it "may have insights not conveyed by the record"). Thus, application of the first two *Pierce* factors argue in favor of an abuse-of-discretion review.

The third and fourth *Pierce* factors also weigh in favor of a deferential standard of review. It is impracticable to formulate a strict rule for whether a case has been "fully administered." *Id.* at 561, 108 S.Ct. 2541. As noted above, the inquiry involves consideration of multiple, case-specific factors that "utterly resist generalization." *Id.* at 562, 108 S.Ct. 2541. As one court has noted, "[a]t one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves. . . . At the other extreme, an estate could be fully administered when all

that is called for under a plan occurs." *In re Mold Makers, Inc.*, 124 B.R. at 768. Application of the abuse of discretion standard will give bankruptcy courts the needed flexibility. *See Pierce*, 487 U.S. at 562, 108 S.Ct. 2541.

Finally, the consequences flowing from entry or denial of a final decree are not so substantial as to favor a higher level of review. Entry of a final decree is primarily administrative. If it is later determined that the case needs to be reopened, the Code also provides for such reopening. *See* 11 U.S.C. § 350(b).

■ Thus, we are satisfied that the text of the Code and Rule permit, and sound judicial administration counsels, deferential review of a bankruptcy court's decision in this regard. *Pierce*, 487 U.S. at 563, 108 S.Ct. 2541. Accordingly, we will apply an abuse of discretion standard in reviewing the bankruptcy court's order denying entry of a final decree. "Under the abuse of discretion standard[,] 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir.1991)).

**B. The bankruptcy court did not abuse its discretion**

■ The bankruptcy court's order denied entry of the final decree on one ground: the failure of the estate's professionals to submit fee applications. Whether the need to consider future fee applications alone may prevent a case from being "fully administered" is a question of first impression in this jurisdiction. The only decision we have located even mentioning this issue is the case of *In re Kliegl Bros.*

*Universal Elec. Stage Lighting Co.*, 238 B.R. 531 (Bankr.E.D.N.Y.1999). In that case, the court noted, without analysis, that the debtor's motion for final decree had been denied earlier in the proceeding because of a pending fee application. *Id.* at 538.

The relevant case law sheds little light on this particular circumstance. For example, courts have issued final decrees even though there were outstanding fees owed to the United States trustee. *In re Indian Creek Ltd. P'ship*, 205 B.R. 609, 611 (Bankr.D.Ariz.1997); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D.Ky.1997). One court issued a final decree even though payments under a settlement trust might take fifty years to complete, and the terms of the settlement required yearly reports to be filed with the bankruptcy court. *In re Pacor, Inc.*, Nos. 86–3251, 86–3252, C.A. 95–294, 1995 WL 355238, at *1 (E.D.Pa. June 13, 1995). Another court entered a final decree even though all disbursements under the plan had not been made, and an adversary proceeding against a former creditor of the debtor was still pending. *In re JMP–Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D.Ill.1998).

■ These cases are readily distinguishable from our facts. They involve the completion of required payments, which the Advisory Committee Note specifically addresses and states should not by itself be the basis for keeping a case open. The continuation of an adversary proceeding as well is insufficient by itself to keep a case from being considered "fully administered."

Outstanding fee applications, however, are an integral part of the court's supervisory role in bankruptcy.

The court has the inescapable duty to determine the reasonableness of attor-

ney's fees awards.... This duty must be performed even after dismissal of the case, for the court retains jurisdiction to determine the distribution of funds which remain *in custodia legis,* as do attorney's fee awards, both on the basis or recognized jurisdictional principles and also on the basis of the court's well-established duty and power to regulate the practice of counsel before it.

*In re Lowe,* 97 B.R. 547, 548–49 (Bankr. W.D.Mo.1987) (citations and footnote omitted). Since there does not appear to be any reason why the professionals could not file final fee applications at this time, it is reasonable to assume they will be filed in the near future, especially if the final decree will not enter without a determination as to fees. Closing the case when it would likely have to be reopened in the near future appears to be a fruitless exercise. *See In re Koerkenmeier,* 344 B.R. 603, 606–07 (Bankr.W.D.Mo.2006) (although court could properly consider anything within its jurisdiction even if the case were closed, counsel was required to move for reopening as a condition to the court's entry of an order on fee applications).

## IV. Conclusion

Based on these considerations and the record in this case, we do not have a definite and firm conviction that the bankruptcy court abused its discretion by making a clear error of judgment or by exceeding the bounds of permissible choice. Accordingly, we affirm the decision of the bankruptcy court denying the Debtor's application for entry of a final decree.