# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 09-6063

_____

In re:                                            *
                                                  *
Jeffrey Joseph Shotkoski,                          *
a/k/a Jeff Shotkoski,                              *
d/b/a Emerald Storage and                          *
Constance Lynn Shotkoski,                          *
a/k/a Connie Shotkoski,                            *
                                                  *
         Debtors.                                 *
                                                  *
                                                  *
Jeffrey Joseph Shotkoski and                       *
Constance Lynn Shotkoski,                          *
                                                  *
                                                  *    Appeal from the United States
         Debtors - Appellants,                     *    Bankruptcy Court for the
                                                  *    District of South Dakota
              v.                                    *
                                                  *
Habbo Fokkena,[1]                                  *
                                                  *
    U.S. Trustee - Appellee.                        *
                                                  *

_____

Submitted:  November 20, 2009
Filed: November 24, 2009

_____

_____

[1]Although Debtors named Mr. Fokkena as the Appellee in their notice of appeal, he did not participate in the bankruptcy proceedings and has declined to participate in this appeal.

Before KRESSEL, Chief Judge, SCHERMER, and SALADINO, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

Jeffrey and Constance Shotkoski, the Chapter 11 Debtors herein, appeal from an order of the bankruptcy court[2] dated September 28, 2009, denying their motion for final decree. For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL HISTORY

The appellants are in the business of owning, managing, and operating storage units and residential rental properties in the state of South Dakota. On December 28, 2007, they filed a petition seeking relief under Chapter 11 of the Bankruptcy Code. Their amended disclosure statement was approved by the bankruptcy court on July 2, 2008, and an order confirming plan was entered on September 16, 2008.

On September 16, 2009, appellants filed their motion for entry of a final decree.[3] In the motion they asserted, *inter alia*, that substantial consummation of the plan had taken place, that there are no required deposits to be distributed, that they have assumed the business or management of the property, and that plan payments had commenced. On September 28, 2009, the bankruptcy court denied the motion for final decree, stating:

---

[2]The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

[3]The document was titled Motion for Entry of Final Judgment, but in the body of the document it was described as a Motion for Entry of Final Decree.

Upon consideration of Debtors' Motion for Entry of Final Judgment [final decree] (doc. 181) and the record before the Court; and it appearing 11 U.S.C. § 1141(d)(5), 28 U.S.C. § 1930(a)(5), and Fed.Rs.Bankr.P. 3020, 3021, and 3022 do not contemplate the closing of an individual chapter 11 debtor's case until the administration of the case, which would include entry of the debtor's discharge, is complete; now, therefore,

IT IS HEREBY ORDERED Debtors' Motion for Entry of Final Judgment [final decree] is denied, and this case shall remain open until a final decree is entered or the case is dismissed.

## STANDARD OF REVIEW

Appellants argue that this Court should apply a *de novo* standard of review because this is a matter of statutory interpretation. While we agree with the basic assertion that conclusions of law are reviewed *de novo (see, e.g., First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997)), we do not believe that standard applies here. Instead, we believe that an abuse of discretion standard applies in reviewing a bankruptcy court's order denying entry of a final decree.

In the case of *In re Union Home & Industrial, Inc.*, 375 B.R. 912 (B.A.P. 10th Cir. 2007), the Tenth Circuit Bankruptcy Appellate Panel engaged in a thorough analysis of the standard of review applicable to a bankruptcy court's order entering or denying a final decree. "For purposes of standard of review, decisions by trial courts are traditionally divided into three categories, denominated: (1) questions of law, which are reviewable *de novo*; (2) questions of fact, which are reviewable for clear error; and, (3) matters of discretion, which are reviewable for abuse of discretion." *Id.* at 915 (citing *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)).

3

Following the guidance of the Supreme Court in the *Pierce* case, the Tenth Circuit Bankruptcy Appellate Panel determined that it would apply an abuse of discretion standard in reviewing the bankruptcy court's order denying entry of final decree. We agree. 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022 provide for entry of a final decree and closing of a Chapter 11 case after an estate is fully administered. Thus, this appeal involves a review of the bankruptcy court's determination that the estate is not yet fully administered. In order to determine whether an estate is "fully administered" for purposes of entering a final decree, the bankruptcy court must consider numerous factors specific to the case. As the Tenth Circuit Bankruptcy Appellate Panel stated:

> The bankruptcy court is uniquely positioned to make this determination given that it will have overseen the particular debtor's case from the beginning and will have first hand knowledge of what matters have been, or need to be, completed before closure of the case. Further, the bankruptcy court will be very familiar with the debtor's confirmed plan of reorganization, the requirements for consummation of that plan, as well as the status of any pending motions, contested matters, and adversary proceedings.
>
> An appellate court, in contrast, is not particularly well situated to make the final decree determination. The full history of the case cannot be conveyed in the appellate record. As such, many of the factors relevant to determining if a case has been "fully administered" may be known only to the bankruptcy court, based on its experience and oversight of the case. The bankruptcy court will likely have insights and know of practical considerations not conveyed by the appellate record.

*Id.* at 917. Thus, the bankruptcy court is entitled to a deferential review of its determination with respect to whether an estate is fully administered. Under the abuse

of discretion standard, a trial court "'has a range of choice, and its decision will not be disturbed as long as it stays within that range[,] is not influenced by any mistake of law' or fact, or makes a clear error of judgment in balancing relevant factors." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002) (quoting *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1403 (8th Cir. 1994)).

> "An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." *United States v. McNeil*, 90 F.3d 298, 300-01 (8th Cir. 1996). A "court's decision will not be disturbed as long as it is within the range of discretion afforded to a given determination and is not influenced by a mistake of law." *Id.*

*Hoffman v. Bullmore (In re Nat'l Warranty Ins. Risk Retention Group)*, 384 F.3d 959, 962 (8th Cir. 2004).

## DISCUSSION

We begin with a review of the applicable Code sections and Rules. Section 1141(d)(5) of the Bankruptcy Code describes the circumstances under which an individual Chapter 11 debtor may receive a discharge. Specifically, that section provides that confirmation of the plan does not discharge an individual debtor until the court grants a discharge upon completion of all payments under the plan.

11 U.S.C. § 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022 implements § 350(a) in the Chapter 11 context by providing "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on

motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. The bankruptcy court determined that the debtor had not yet been discharged and the estate is not yet fully administered.

Appellants rely upon the Commentary associated with the Rule, which provides in part as follows:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991). Appellants rely on the Advisory Committee Note and the factors delineated therein and assert that the facts and circumstances of this case satisfy all of those factors and, therefore, closing of the case should not be delayed solely because payments have not been completed and a discharge has not been entered.

The Advisory Committee Note is the only guidance available to the courts for determining whether an estate has been fully administered. A definition for "fully administered" does not appear anywhere in the Code or the Rules. Of course, while the Advisory Committee Note was intended to provide some guidance, the factors listed were clearly not intended to be exclusive. Further, there is a real question as to

the current applicability of the Advisory Committee Note considering it was drafted in 1991, at which time a discharge would be entered in an individual Chapter 11 case upon plan confirmation. Thus, since entitlement to a discharge would already be determined, it was not a factor to even consider in connection with a full administration analysis in 1991. Now, as a result of the BAPCPA amendments of 2005, an individual debtor's discharge is not entered until completion of payments under the plan. 11 U.S.C. § 1141(d)(5).

As the Tenth Circuit Bankruptcy Appellate Panel recognized, bankruptcy courts are charged with reviewing each request for entry of a final decree on a case-by-case basis in determining whether an estate has been fully administered. *In re Federated Dep't Stores, Inc.*, 43 Fed. Appx. 820, 822 (6th Cir. 2002) (citing *In re Jay Bee Enters., Inc.,* 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997)). Here, the bankruptcy court was familiar with the facts and circumstances of the debtor's Chapter 11 case. In particular, the bankruptcy court was aware of the specific terms of the debtor's confirmed Chapter 11 plan, which provided for the long-term repayment of several real estate and other loans totaling in excess of $1,700,000.00 and eight classes of impaired claims. Considering the loan amounts and number of impaired classes at issue under the plan, and giving deference to the bankruptcy court's knowledge of the specific circumstances of the case, we do not believe that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances.

As indicated, we believe that the decision as to whether an estate is "fully administered" is one that falls within the discretion of the bankruptcy judge. To be clear, by affirming the bankruptcy court in this case, we are *not* holding that every individual Chapter 11 case must remain open until such time as all long-term plan payments have been completed and a discharge is entered. In fact, since the Bankruptcy Code expressly contemplates the reopening of cases and the exercise of continuing jurisdiction by the bankruptcy court (*see* 11 U.S.C. § 350(b)), we do not

disagree with those courts choosing, for purposes of convenience and efficiency, to close individual Chapter 11 cases prior to completion of payments and entry of discharge. Again, we believe it is a case-by-case analysis best left to the discretion of the bankruptcy judge.

## CONCLUSION

Accordingly, we affirm the decision of the United States Bankruptcy Court for the District of South Dakota denying Debtor's motion for a final decree.

_____