**In the Matter of: SPOKANE RACEWAY PARK, INC., Debtor,**

**Robert Eugene Kovacevich, Appellant,**

v.

**John D. Munding, Chapter 11 Trustee, Appellee.**

No. 08–35039.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2009.

Filed May 19, 2009.

---

** This disposition is not appropriate for publication and *is not precedent except as provid-* ed by 9th Cir. R. 36–3.

Jerome Shulkin, Esq., Mercer Island, WA, for Appellant.

John D. Munding, Crumb & Munding, Spokane, WA, for Appellee.

Before: WARDLAW, PAEZ and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Spokane Raceway Park, Inc. ("SRP") and Washington Motorsports Limited ("WML") declared bankruptcy and entered into a settlement agreement with their former joint venture partner, the Kalispel Indian Tribe (the "Tribe"). Robert E. Kovacevich, a 10% shareholder, former officer, and creditor of SRP, opposed the settlement before the bankruptcy court. After hearing Kovacevich's arguments challenging the proposed settlement agreement, the court approved the agreement. Kovacevich appealed the bankruptcy court's approval order to the United States Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP"). The BAP held that, because Kovacevich did not seek a stay of the bankruptcy court's order, allowing the parties to consummate their agreement and execute the transactions it contemplated, Kovacevich's appeal was moot. We agree.

We have previously held that "it is obligatory upon [an appellant such as Kovacevich] to pursue with diligence all available remedies to obtain a stay of execution of the objectionable [bankruptcy court] order ... if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from." *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 798 (9th Cir.1981). Although dismissing an appeal in this manner "places a heavy burden on aggrieved party-appellants in bankruptcy cases," we are satisfied that this burden "is justified to prevent frustration of orderly [bankruptcy] administration" and that "[i]f an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of his appeal." *Id.*

Kovacevich did not apply for a stay after the bankruptcy judge approved the settlement agreement. His failure to do so allowed the Trustee, acting pursuant to the bankruptcy judge's order, to consummate the Settlement Agreement and execute the transactions it contemplated. Accordingly, this appeal is moot.

Significantly, Kovacevich has not proffered any meaningful suggestion as to how we could fashion effective relief. *See Ben-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 187 (9th Cir.1977). The settlement agreement contemplated that the Tribe would pay SRP/WML $2.45 million and convey 10 acres of land to purchase "Pit Road" and settle all claims between SRP/WML and the Tribe. After the bankruptcy court approved the settlement agreement, the parties executed the transactions and the several courts that had been involved in the various pieces of litigation dismissed their cases. These transactions are too complex to unwind, so Kovacevich asks us to force the Tribe to pay more money to SRP and WML to properly compensate them. This result would be inequitable, because the court would essentially be crafting its own settlement agreement terms and forcing the parties to accept them.

The parties are instructed to file any requests for damages or costs by way of separate motion under Federal Rule of Appellate Procedure 38.

**AFFIRMED.**