**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PROVIDENT FINANCIAL, INC., <br><br> Debtor, <br><br>――― <br><br> GREGORY P. NESSELRODE, <br><br> Appellant, <br><br> v. <br><br> PROVIDENT FINANCIAL, INC., <br><br> Appellee. | No. 10-60045 <br><br> BAP No. 10-1135 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Pappas, and Dunn, Bankruptcy Judges, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

―――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Gregory P. Nesselrode appeals pro se from the the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing his adversary proceeding as barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's and the bankruptcy court's decisions, *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000), and we affirm.

The bankruptcy court properly concluded that res judicata barred Nesselrode from relitigating claims in connection with Provident Financial's foreclosure of his property because he had asserted claims arising from the same transactional nucleus of facts in prior federal and state court actions. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (res judicata bars all claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties") (citations and internal quotation marks omitted); *Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 92 P.3d 620, 626 (Mont. 2004) (barring all claims where "the issues are the same and relate to the same subject matter").

Nesselrode's remaining contentions are unpersuasive.

**AFFIRMED.**

10-60045