FILED

NOV 17 2025

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

|  |  |
|---|---|
| In re:<br>MIOMNI SPORTS, LTD., Debtor in a<br>Foreign Proceeding,<br><span style="padding-left:2em"></span>Debtor. | BAP No. NV-24-1208-BCN<br><br>Bk. No. 24-11963-gs |
| AJ KUNG; LAW OFFICE OF KUNG &<br>BROWN,<br><span style="padding-left:2em"></span>Appellants,<br>v.<br>SBC NEVADA, LLC; UK LIQUIDATORS<br>GAVIN SAVAGE & JOHN WALTERS,<br>Authorized Foreign Representatives of<br>Miomni Sports, Ltd., a UK company,<br><span style="padding-left:2em"></span>Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Gary A. Spraker, Bankruptcy Judge, Presiding

Before: BRAND, CORBIT, and NIEMANN, Bankruptcy Judges.

## INTRODUCTION

The Law Office of Kung and Brown ("K&B") appeals an order denying

its unopposed motion to withdraw as counsel of record for foreign chapter 15[1]

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "NRPC" references are to the Nevada Rules of Professional Conduct, all "LR"

1

debtor, Miomni Sports, Ltd. ("Sports"). We conclude that the bankruptcy court did not abuse its discretion in denying K&B's motion on the basis that Sports, a non-individual debtor, would be without counsel in violation of the law and unable to proceed in the case. Accordingly, we AFFIRM.[2]

## FACTS

### A. Background

Miomni Holdings Co. ("Holdings") is a United Kingdom (UK) company formed in 2010. Holdings was the owner of Sports, also a UK company formed in 2012. Sports registered to do business as a foreign limited liability company in Nevada in 2022. Holdings additionally owned Miomni Gaming, Ltd. ("Gaming"), a UK company which did business in Nevada and, with K&B's assistance, filed a chapter 7 bankruptcy case in Nevada in late 2022. The primary reason for Gaming's chapter 7 filing was a $5.5 million state court judgment entered in favor of one of Gaming's creditors, SBC Nevada, LLC ("SBC").

Soon after Gaming's chapter 7 filing, SBC filed an adversary complaint against several defendants, including Holdings, Gaming, Sports, and their common principals, alleging claims for actual and constructive fraudulent transfers under § 548(a)(1)(A) and (B), successor liability (as to Sports), and alter ego. The defendants, represented by K&B, denied SBC's allegations. Ultimately, and over Sports's objection, the bankruptcy court approved the

references are to the Local Bankruptcy Rules for the District of Nevada, and all "LR IA" references are to the Local Rules of Practice for the District of Nevada.

[2] No appellee appeared in this appeal.

2

chapter 7 trustee's sale of Gaming's claims and causes of action relating to the adversary proceeding against the remaining defendants to SBC, so that SBC could litigate the claims for the benefit of the Gaming estate. Sports, represented by K&B, appealed the sale order to the BAP, which affirmed on May 1, 2024. *See* BAP No. NV-23-1126-BNF, dkt. 22. Sports timely appealed the decision to the Ninth Circuit Court of Appeals. That appeal was dismissed on April 4, 2025, for Sports's failure to file a timely notice of appearance for new counsel after K&B withdrew. *See* Ninth Circuit Case No. 24-3451, dkt. 27.

**B.     Sports's UK liquidation and chapter 15 filing**

Meanwhile, on February 12, 2024, Sports commenced a liquidation proceeding in the UK under the Insolvency Act of 1986 ("Sports UK Liquidation"). Gavin Savage and John Walters (the "UK Liquidators") were appointed as joint liquidators of Sports's estate. Under UK insolvency law, the UK Liquidators were now in control of Sports's business affairs. Creditors could file a claim for review, but any judgments against Sports were unenforceable and subject to the liquidation process.[3]

On April 23, 2024, the UK Liquidators, as foreign representatives for Sports and represented by K&B, filed a chapter 15 petition in Nevada to recognize the foreign main proceeding of the Sports UK Liquidation and invoke the automatic stay in the United States. The UK Liquidators asserted that the legal expenses incurred in the contentious litigation with SBC led to

---

[3] K&B soon moved to withdraw as counsel for Sports in SBC's adversary proceeding and in Gaming's main case, stating that Sports was unable to pay K&B due to the recent liquidation. The bankruptcy court authorized K&B's withdrawal in those matters.

Sports's insolvency and the need to commence the Sports UK Liquidation. They further asserted that the District of Nevada was the proper venue for the chapter 15 petition due to SBC's pending adversary proceeding, which SBC was still pursuing against Sports despite the Sports UK Liquidation.

On November 26, 2024, K&B moved to withdraw as counsel of record for the UK Liquidators in Sports's chapter 15 case. K&B asserted that the Sports UK Liquidation was concluding on December 19, 2024, that the UK Liquidators' authority to act on behalf of Sports would cease at that time, and that K&B's representation of the UK Liquidators and Sports had been terminated. As authority for withdrawal, K&B cited NRPC 1.16(b)(1) and (7) and LR IA 10-6(b) [sic].[4] The proof of service indicates that K&B did not serve its motion on the UK Liquidators electronically or otherwise.

Without a hearing, the bankruptcy court denied K&B's motion to withdraw on December 5, 2024. The court opined that, since the foreign main proceeding had concluded, the debtor should seek to close the ancillary chapter 15 case and counsel withdrawing was not the proper way to do that. The court further determined that, under LR 9010, a non-individual debtor like Sports had to be represented by counsel in its open case, and K&B failed to provide the name of substitute counsel. K&B's request for a hearing on shortened time was denied as moot.

This timely appeal followed.

---

[4] We presume that K&B intended to cite to LR IA 11-6(b), since LR IA 10-6(b) appears to be the old practice rule and no longer exists.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.[5]

## ISSUE

Did the bankruptcy court abuse its discretion in denying K&B's motion to withdraw as counsel of record?

## STANDARDS OF REVIEW

We review the bankruptcy court's ruling on an attorney's motion to withdraw for an abuse of discretion. *See McNall v. Pac. Ret. Servs., Inc.*, 859 F. App'x 48, 49 (9th Cir. Sept. 20, 2021) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any basis supported by the record. *Black v. Bonnie Springs Fam. Ltd. P'ship (In re Black)*, 487 B.R. 202, 211 (9th Cir. BAP 2013).

## DISCUSSION

**A.    The bankruptcy court did not abuse its discretion in denying K&B's motion to withdraw.**

**1.    Governing law**

Several rules govern an attorney's withdrawal from a case in Nevada. Under the Local Rules of Practice for the District of Nevada, an attorney who

---

[5] The motions panel determined that the withdrawal order was a final appealable order under the collateral order doctrine. *See* dkt. 6. We agree.

5

seeks to withdraw by motion must serve it on the client and opposing counsel, and the client may file a response to the motion within 14 days, unless the court orders otherwise. LR IA 11-6(b). No withdrawal "will be approved if it will result in delay" of the case, unless the attorney shows "good cause." LR IA 11-6(e). Finally, as relevant here, NRPC 1.16 allows an attorney to seek to withdraw from a case if withdrawal can be accomplished without a "material adverse effect on the interests of the client" or "other good cause for withdrawal exists." NRPC 1.16(b)(1), (7).

"Whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court." *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2025 WL 2021632, at *1 (D. Nev. July 18, 2025) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). In exercising that discretion, the court considers four factors when ruling on an attorney's motion to withdraw: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay in resolving the case. *Harris v. Diamond Dolls of Nev., LLC*, No. 3:19-cv-00598-RCJ-CBC, 2023 WL 6059667, at *3 (D. Nev. Sept. 18, 2023) (citing *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010)); *accord Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

### 2. Analysis

We begin by discussing some apparent notice and procedural errors that occurred in this case. First, as required by LR IA 11-6(b), an attorney

seeking to withdraw after appearing in a case must serve the motion on the affected client and opposing counsel. While K&B served its motion on SBC, which apparently was not going to object, K&B did not serve its client. Further, contrary to LR IA 11-6(b), the bankruptcy court entered its order (without granting K&B's request to shorten time) before the 14 days had run for filing any opposition. Of course, one would not expect the UK Liquidators to file an opposition if they were not aware of the motion.

In any case, it is unlikely that the UK Liquidators would have objected had they been served, since they told K&B that its services were no longer needed since the Sports UK Liquidation was soon concluding. Whether that was a wise decision is another issue. But nothing in the record indicates that anyone wanted K&B to remain as chapter 15 counsel. As such, the notice and procedural errors here were likely harmless and not bases for denying the motion or reversing the bankruptcy court's order.

As for the merits of its motion, K&B discussed the reasons for its withdrawal, but it did not explain how its withdrawal could be accomplished "without material adverse effect on the interests of the client" in accordance with NRPC 1.16(b)(1), which is what K&B cited as authority for withdrawal. Although the bankruptcy court did not discuss this as such, it was concerned that Sports, a non-individual, would be without representation, which could adversely affect Sports and cause delay in getting the case resolved.

K&B argues that the bankruptcy court abused its discretion in denying its withdrawal motion because Sports had not retained substitute counsel.

7

Specifically, K&B argues that NRPC 1.16, LR 2014,[6] and LR IA 11-6(b) do not require as a condition for withdrawal that counsel provide the name of new counsel or that the client has retained new counsel. That is true. However, as the bankruptcy court correctly observed, LLCs and other artificial entities can appear in federal court only through licensed counsel. *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curium); LR 9010 (a corporation, partnership, limited liability company, trust, or other non-individual debtor must be represented by an attorney).

An attorney's motion to withdraw as counsel for an artificial entity can be denied if the client lacks substitute representation, even when the client has asked the attorney to withdraw. *See United States v. Pivaroff*, No. 2:13-CV-1498 JCM (PAL) (D. Nev. July 12, 2016) (denying motion to reconsider magistrate's ruling denying attorney's motion to withdraw as counsel for corporation lacking substitute counsel even though the corporation had terminated the attorney); *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2-3 (E.D. Cal. Oct. 14, 2009) (denying attorney's withdrawal despite corporate client's consent and intent to abandon the case, since allowing the corporation to appear without counsel would violate the law and leave the corporation in a "judicial stalemate"); *see also Leatt Corp.*, 2010 WL 444708, at *2 (recognizing that the court can deny an attorney's withdrawal because the corporate client would be without counsel in violation of local rules). Consequently, we cannot say that the bankruptcy

---

[6] LR 2014(c) refers to LR IA 11-6 as the governing rule for attorney withdrawals.

court abused its discretion in denying K&B's motion to withdraw on the grounds that Sports would be left without counsel and unable to appear in court, which violates Ninth Circuit law and the local rules.

K&B also argues that the bankruptcy court abused its discretion in determining that the chapter 15 case had to be closed before K&B could withdraw. It is not entirely clear that was the court's ruling, but it certainly thought that Sports should have sought to close the case if the Sports UK Liquidation was concluding, and that K&B's withdrawal was not the way to accomplish that. Because the bankruptcy court did not abuse its discretion in denying the motion to withdraw for lack of substitute counsel, we do not address this issue.

We appreciate the difficulty of the situation: the client no longer wanted to employ the attorney, and the attorney wanted out of the case. We also acknowledge the bankruptcy court's concern that the UK Liquidators, as the foreign representatives for Sports, apparently chose not to comply with their duties under § 1518 (reporting on status changes in the foreign main proceeding) and Rule 5009(c) (filing a final report to close the case) before K&B was to be terminated and sought to withdraw. As one bankruptcy court aptly noted, a foreign representative "bears a responsibility both to his [c]ounsel and to this court. He may not commence an action, obtain what he needs, and leave without caring about his duties in the United States." *In re Ace Track Co.*, 647 B.R. 919, 921 (Bankr. N.D. Ill. 2023).

Nonetheless, K&B is not without options. K&B submits that there were

9

changed circumstances after the bankruptcy court denied its motion to withdraw on December 5, 2024. K&B requested authorization from the UK Liquidators to close the case, but they told K&B not to take any further action. And after December 19, 2024, the UK Liquidators no longer had authority to instruct K&B to close the case since the Sports UK Liquidation was complete. It is clear that the UK Liquidators have abandoned the chapter 15 case, but K&B is hamstrung in closing it without authority or participation from its client who has disappeared.

As a result, K&B may decide to file a renewed motion to withdraw and explain to the bankruptcy court the changed circumstances. The court can then decide the withdrawal matter under the current facts.[7]

## CONCLUSION

The bankruptcy court did not abuse its discretion in denying K&B's motion to withdraw as counsel of record on the basis that the non-individual debtor would be unrepresented in violation of Ninth Circuit law and the local rules. Accordingly, we AFFIRM.

---

[7] The bankruptcy court could perhaps consider if issuing an order to show cause why the chapter 15 case should not be closed or dismissed would be appropriate. *See In re Ace Track Co.*, 647 B.R. at 921-22 (court issuing order to show cause under similar facts). Although K&B contends that the pending SBC adversary proceeding might render the chapter 15 case not "fully administered" and preclude closing it, "the continuation of an adversary proceeding is insufficient by itself to keep a case from being considered fully administered." *Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.)*, BAP Nos. MT-10-1134-JuPaD & MT-10-1135-JuPaD, 2010 WL 6259973, at *9 (9th Cir. BAP Oct. 12, 2010) (cleaned up), *aff'd*, 466 F. App'x 672 (9th Cir. 2012); *see also In re Union Home & Indus., Inc.*, 375 B.R. 912, 918 (10th Cir. BAP 2007); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (ruling that pending adversary did not warrant keeping bankruptcy case open).